THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VOLANTA HARRIS-MITCHELL,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 20-2617-EFM |
| ) | |
| DAVID S. FERRIERA,    ) | |
| Archivist of the United States National    ) | |
| Archives and Records Administration,    ) | |
| ) | |
| Defendant.    ) | |

## **ORDER**

The *pro se* plaintiff, Volanta Harris-Mitchell, brings this employment-discrimination action her employer, the United States National Archives and Records Administration, alleging race and age discrimination. She has filed a motion requesting the court appoint her counsel (ECF No. 20). For the reasons discussed below, the motion is denied.

In civil actions, such as this one, there is no constitutional right to appointed counsel.[1] The court is not obligated to appoint counsel in every employment-discrimination case.[2] The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of

---

[1] *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand,* 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989)).

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

counsel would be fundamentally unfair.[3]  "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4]  The court also considers the efforts made by the litigant to retain his own counsel.[5]

The court does not find it appropriate to appoint counsel for plaintiff.  While it appears from plaintiff's motion that she has been diligent in her efforts to find an attorney to represent her, other factors weigh against appointing counsel.  A review of the papers prepared and filed by plaintiff indicates she is capable of presenting her case without the aid of counsel, particularly given the liberal standards governing *pro se* litigants.  The factual and legal issues in the case are not extraordinarily complex.  Plaintiff alleges she was not promoted after filing reports with the Equal Employment Opportunity Commission about the "discriminatory acts" of supervisors.[6]  She alleges supervisors discriminate against black employees, such as by plotting to fire them and making racist comments on

---

[3]*Id.*

[4]*Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Joe Hand Prods., Inc. v. Tribelhorn*, No. 11-2041, 2011 WL 2516700, at *1 (D. Kan. June 23, 2011) (applying the *Long* factors to a defendant's request for appointment of counsel).

[5]*Lister v. City of Wichita, Kan.,* 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner,* 979 F.2d at 1420)); *Tilmon v. Polo Ralph Lauren Factory Store,* No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

[6] ECF No. 1 at 5.

Facebook.[7] The court has no doubt that the district judge assigned to this case will be able to discern the applicable law. It does not appear that this case presents any atypical or complex legal issues. Finally, based on the limited factual allegations and claims presented in the complaint, the court is unable to determine whether plaintiff's claims are particularly meritorious.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. If plaintiff devotes sufficient efforts to presenting her case, the court is certain she can do so adequately without the aid of counsel. Plaintiff's request for appointment of counsel therefore is denied.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting the presiding U.S. district judge to review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

Dated March 29, 2021, at Kansas City, Kansas.

    s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[7] ECF No. 9 at 1-2.

20-2617-EFM-20.docx