UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VOLANTA HARRIS-MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-2617-EFM |
| ) | |
| DAVID S. FERRIERO, ) | |
| Archivist of the United States National ) | |
| Archives and Records Administration, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Plaintiff, Volanta Harris-Mitchell, brings this employment discrimination and retaliation action against her employer, the United States National Archives and Records Administration ("NARA"), through its agency head, Archivist David S. Ferriero. She has served a subpoena for deposition testimony and noticed the deposition of Ferriero.[1] Ferriero has moved for the entry of a protective order and/or an order quashing the subpoena (ECF No. 60). Because Ferriero is the head of a government agency and has no personal involvement or first-hand knowledge of the underlying dispute, the motion is granted.

Plaintiff is employed at NARA's Lenexa, Kansas facility, where she has worked for more than 34 years. She alleges that for more than the past ten years, her NARA

---

[1] ECF Nos. 56 & 61-6.

supervisors and employees subjected her to racial discrimination and created a hostile work environment,[2] and retaliated against her when she complained.[3]  She notes that Ferriero recently assembled a thirty-five-member task force to address claims of structural racism within NARA (the "Task Force"), and the Task Force concluded structural racism does exist at the agency.[4]  Plaintiff sues Ferriero in his official capacity as the "head of the agency" under 42 U.S.C.A. § 2000e-16(c).[5]  On, November 6, 2021, plaintiff noticed the deposition of Ferriero;[6] and three days later, she served a subpoena for the same.[7]

Ferriero opposes being deposed because, in simple terms, he has no personal knowledge of plaintiff or the specific allegations in this lawsuit.  He seeks a protective order based on his lack of relevant knowledge and on the fact that the deposition would be burdensome given his other duties in his role as the head of NARA.  Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a court, upon a showing of "good cause," to issue an order protecting a party from, inter alia, "undue burden or expense" in responding to discovery.  In evaluating the burden and expense of discovery, the court heeds the mandate in Rule 26(b)(1) that discovery must be "proportional to the needs of the case."  In evaluating proportionality, the court considers "whether the burden or expense of the

---

[2] ECF No. 48 at 2-3, 8-13.

[3] *Id.* at 6.

[4] *Id.* at 6-8.

[5] *See also id.* at 4.

[6] ECF No. 56.

[7] ECF No. 61-6.

proposed discovery outweighs its likely benefit."[8]  The party seeking the protective order bears the burden of establishing good cause for its entry.[9]  The court has "broad discretion" to determine when a protective order is appropriate.[10]

In addition, the court considers that when a party seeks the involuntary deposition of a high-ranking government official, exceptional circumstances must exist before the court will require such a deposition.[11]  "High ranking government officials have greater duties and time constraints than other witnesses."[12]  "If courts did not limit these depositions, such officials would spend 'an inordinate amount of time tending to pending litigation.'"[13]  Such a burden would interfere with their greater duties.[14]  Thus, an official should only be subject to deposition if the official "has unique first-hand knowledge related

---

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Brave Law Firm, LLC v. Truck Accident Lawyers Grp., Inc.,* No. 17-1156-EFM, 2019 WL 3740594, at *2 (D. Kan. Aug. 8, 2019).

[10] *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM, 2020 WL 3288058, at *10 (D. Kan. June 18, 2020).

[11] *Fish v. Kobach*, 320 F.R.D. 566, 579 (D. Kan. 2017).

[12] *In re United States*, 985 F.2d 510, 512 (11th Cir.) (per curiam), cert. denied, 510 U.S. 989 (1993).

[13] *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (quoting *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007)).

[14] *In re F.D.I.C.*, 58 F.3d 1055, 1060-61 (5th Cir. 1995); *In re U.S.*, 542 F. App'x 944, 948 (Fed. Cir. 2013) ("[H]igh-ranking officials must be permitted to perform their official tasks without disruption or diversion.") (citing *NEC Corp. v. United States*, 151 F.3d 1361, 1375 (Fed. Cir. 1998)).

to the litigated claims or . . . necessary information cannot be obtained through other, less burdensome or intrusive means."[15]

In evaluating these factors, the court finds good cause to enter a protective order here. This case does not present extraordinary circumstances or a special need for Ferriero's testimony; on the contrary, the record weighs against requiring the deposition. Ferriero has submitted a declaration stating that NARA has more than 3,000 employees working at 43 separate facilities.[16] He declares he has "no personal knowledge of Plaintiff's specific allegations of discrimination . . . [or] retaliation," has "no memory of any personal interactions with Plaintiff," is "unaware of Plaintiff's race," has "no personal knowledge of Plaintiff's performance ratings," and "had no involvement with the selection process" for the positions plaintiff alleges she was not selected for.[17]

Plaintiff does not dispute these assertions, but argues Ferriero has information relevant to the "structural and systemic racism" at NARA, which plaintiff references in her complaint, as evidenced by his adoption of the Task Force's report and recommendations to address such racism.[18] The court does not find it unique that an agency head has information about an agency's culture or promulgates agency policy. Even when that policy covers the broad subject-area of a court case, however, extraordinary circumstances

---

[15] *Lederman*, 731 F.3d at 203 (citing *Bogan*, 489 F.3d at 423, and *In re United States (Holder),* 197 F.3d 310, 316 (8th Cir. 1999)).

[16] ECF No. 61-7 at 1.

[17] *Id.* at 2.

[18] ECF No. 71 at 4.

do not necessarily exist to compel the agency head's deposition.[19] Here, the Task Force's report does not address the actions of personnel at the Lenexa facility where plaintiff was stationed. It does not address the processing of either non-selection that plaintiff discussed in her second amended complaint. It does not address any of the various events plaintiff included within her alleged hostile work environment in Lenexa. Moreover, plaintiff has not suggested that she cannot get information about the alleged structural racism at NARA from other sources, such as from members of the Task Force. And as to her allegations of how she was personally discriminated and retaliated against, defendant states it "stands ready to make available any current employee of the National Archives with personal knowledge of Plaintiff's allegations," and has offered to "make available Plaintiff's supervisors during the period in question, provided they are current employees, and any other individuals who may have witnessed any events at issue in the Plaintiff's Complaint."[20]

The court finds, under the current record, that any information Ferriero might be able to provide would be marginally relevant at best and would not outweigh the burden his deposition would place on his duties as an agency head. Of course, if plaintiff were to

---

[19] *See Low v. Whitman*, 207 F.R.D. 9, 13 (D.D.C. 2002) ("[E]ven though [the Deputy Chief of Staff to the Administrator of the EPA] may have had oversight responsibility for employment issues while at the Office of General Counsel, plaintiff's assertions fall short of even suggesting that [he] has any personal knowledge relevant to plaintiff's case.").

[20] ECF No. 61 at 5.

present the court with *specific, relevant* information that only Ferriero can provide, the court will reconsider whether extraordinary circumstances justify his deposition.

IT IS THEREOFRE ORDERED that Ferriero's motion for a protective order is granted.

Dated November 29, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge
