IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VOLANTA HARRIS-MITCHELL,

    *Plaintiff,*

vs.

Case No. 20-2617-EFM

DAVID S. FERRIERO, Archivist of the
United States National Archives and Records
Administration

    *Defendant.*

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Volanta Harris-Mitchell's motion to strike exhibits filed under seal by Defendant David Ferriero, Archivist of the United States, in connection with his motion for summary judgment. As Plaintiff notes, Defendant's summary judgment motion and the request to seal exhibits were filed on the deadline set by the Pretrial Order.

Two days later, the original request to file under seal was denied by the Court, which urged counsel to take note of the policy set forth on the Court's webpage stating that records should be sealed only in extraordinary circumstances. This denial was expressly stated to be "without prejudice."

The next day, Defendant filed a second motion for leave, which was granted in part and denied in part. Defendant then filed the various exhibits, some sealed and some unsealed.

Plaintiff argues that the filing of the exhibits was "untimely," given the original deadline in the Pretrial Order.

The Court denies the motion to strike for three reasons. First, the motion ignores the Court's Order approving in part and denying in part the second motion for leave to file under seal. The clear effect of the Order, under the circumstances, was to extend the deadline for filing exhibits. Although the Order did not expressly state a new deadline for the exhibits, it "directed [counsel] to file forthwith" the designated exhibits. Those exhibits were filed at 12:02 p.m. the same day as the Order. The filing complied with the directive of the Court..

Second, even assuming the Court had not effectively authorized a extension for the filing of the sealed exhibits, Plaintiff has not demonstrated any prejudice from the brief delay. "When requesting a court to strike witnesses and exhibits, a plaintiff must show prejudice."[1] The failure of Plaintiff to even try to explain how she may have been prejudiced is fatal to her present motion.

Finally, the Court notes that Plaintiff waited some three weeks after the exhibits were properly filed, and nearly a motion after the original request to seal, before moving to strike the exhibits. In the meantime, Plaintiff filed her Response to the summary judgment motion, offering no complaint about Defendant's exhibits.

---

[1] *Bell v. City of Topeka, Kan.*, 2007 WL 628188, at *2 n. 12 (D. Kan. 2007) (citing *Nelson v. City of Wichita, Kan.*, 217 F.Supp.2d 1179, 1188 (D.Kan.2002); *Kaufmann v. United States*, 1990 WL 58687, *1 (D.Kan. Apr. 25, 1990)).

Only after Defendant moved to strike the Response as too long under the Court's Standing Order did Plaintiff file—the next day—the present motion to strike (along with an Amended Response which complied with the Standing Order). The Court has previously denied Defendant's motion to strike as moot in light of the Amended Response. Even assuming Plaintiff's present motion was not mere retaliation, motivated by a bona fide concern for upholding the rules of the Court, her delay in filing the motion effectively waived her objection and the motion is denied on that ground as well.

The Court will address Defendant's summary judgment motion, now fully briefed, by separate order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike (Doc. 106) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2020.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE